UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERMANIA THALIA BONILLA, <br><br> Plaintiffs, <br><br> -against- <br><br> JUAN LUIS GARCIA, UBER TECHNOLOGIES, INC., RASIER LLC, UBER USA, LLC, DANIEL A. RIFFEL, BULDO SANITATION INC. and "JOHN DOES" Nos. 1-10 (said names being fictious) and ABC Companies Nos. 1-10 (said names being fictitious) <br><br> Defendant. | Civ. No. 2:22-cv-02048 (KSH)(AME) <br><br><br> **ANSWER, SEPARATE DEFENSES, CROSSCLAIMS, ANSWER TO CROSSCLAIM, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR DAMAGES AND JURY DEMAND** |

Defendant, Daniel A. Riffel, residing at 14, Schierloh Court, Ramsey, New Jersey, by his attorneys, Hueston McNulty, P.C., Answers the Complaint as follows:

1. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

2. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

3. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

4. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

5. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

6. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

7. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

8. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

9. Defendant, Daniel A. Riffel, admits the allegations in this paragraph.

10. Defendant, Daniel A. Riffel, admits the allegations in this paragraph.

11. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

12. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

13. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

14. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

15. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

16. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

17. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

18. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

19. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

20. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

21. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

22. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

23. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

24. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

25. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

26. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

27. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

28. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

29. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

30. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

31. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

32. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

33. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

34. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

35. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

36. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

37. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

38. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

39. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

40. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

41. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

42. Defendant, Daniel A. Riffel, denies the allegations in this paragraph.

43. Defendant, Daniel A. Riffel, admits the allegations in this paragraph.

44. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

45. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

46. Defendant, Daniel A. Riffel, admits the allegations in this paragraph.

47. Defendant, Daniel A. Riffel, denies the allegations in this paragraph.

48. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

49. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

50. Defendant, Daniel A. Riffel, admits that on December 22, 2021 he was an employee of Buldo Sanitation, Inc. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and leaves plaintiff to her proofs.

51. Defendant, Daniel A. Riffel, admits the allegations in this paragraph.

52. Defendant, Daniel A. Riffel, admits the allegations in this paragraph.

53. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

54. Defendant, Daniel A. Riffel, admits the allegations in this paragraph.

55. Defendant, Daniel A. Riffel, admits the allegations in this paragraph.

56. Defendant, Daniel A. Riffel, admits the allegations in this paragraph.

57. Defendant, Daniel A. Riffel, admits the allegations in this paragraph.

58. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

59. Defendant, Daniel A. Riffel, denies the allegations in this paragraph.

60. Defendant, Daniel A. Riffel, denies the allegations in this paragraph.

61. Defendant, Daniel A. Riffel, is without sufficient knowledge or information to admit or deny the allegation in this paragraph and leaves plaintiff to her proofs.

62. Defendant, Daniel A. Riffel, denies the allegations in this paragraph as alleged against Buldo Sanitation Inc. and him.

63. Defendant, Daniel A. Riffel, denies the allegations in this paragraph.

64. Defendant, Daniel A. Riffel, denies the allegations in this paragraph.

65. Defendant, Daniel A. Riffel, denies the allegations in this paragraph.

66. Defendant, Daniel A. Riffel, denies the allegations in this paragraph.

**WHEREFORE**, Defendant, Daniel A. Riffel, demands judgment in its favor and against the plaintiff and seeks an award of attorney's fees and costs of suit.

## CROSSCLAIM FOR CONTRIBUTION

Defendant, Daniel A. Riffel, demand contribution from Co-Defendants, JUAN LUIS GARCIA, UBER TECHNOLOGIES, INC., RASIER LLC, UBER USA, LLC, JOHN DOES 1-10 and ABC COMPANIES 1-10, in accordance with the Joint Tortfeasor's Act, N.J.S.A. §2a:53(a)(1), et seq.

**WHEREFORE**, Defendant, Daniel A. Riffel, demands contribution from Co-Defendants, JUAN LUIS GARCIA, UBER TECHNOLOGIES, INC., RASIER LLC, UBER USA, LLC, JOHN DOES 1-10 and ABC COMPANIES 1-10 along with attorney fees and costs of suit.

## CROSSCLAIM FOR COMMON LAW INDEMNIFICATION

While denying any liability to Plaintiff, Defendant, Daniel A. Riffel, states that if he is found to be liable, his liability

is secondary and imputed and derivative from that of Co-Defendants, JUAN LUIS GARCIA, UBER TECHNOLOGIES, INC., RASIER LLC, UBER USA, LLC, JOHN DOES 1-10 and ABC COMPANIES 1-10.

**WHEREFORE**, Defendant, Daniel A. Riffel, demands common law indemnification from Co-Defendants, JUAN LUIS GARCIA, UBER TECHNOLOGIES, INC., RASIER LLC, UBER USA, LLC, JOHN DOES 1-10 and ABC COMPANIES 1-10 along with fees and costs of suit.

## ANSWER TO CROSSCLAIM

Defendant, Daniel A. Riffel, by way of Answer to Crossclaims filed against him, denies every allegation and crossclaim made against him by any party for contribution, common-law indemnification, contractual indemnification or any other asserted cause of action contained therein.

## SEPARATE DEFENSES

1. The plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. The plaintiff's claims are barred by the applicable statute of limitations and/or other limiting statutes or laws.

3. Any alleged damage or loss sustained by the plaintiff was caused by or contributed to by the negligence of the plaintiff in failing to utilize a seat belt and, therefore, any recovery is

barred or reduced in accordance with the plaintiff's own comparative negligence.

4. The sole and proximate cause of any damage or loss allegedly sustained by the plaintiff was caused by persons over whom this defendant had no control.

5. The plaintiff's claims and damages are barred because any damages incurred were a direct result of her own acts and/or omissions.

6. This defendant is free from any negligence as set forth in the Complaint.

7. The plaintiff is guilty of comparative negligence, which negligence was greater than any alleged negligence of this defendant.

8. The damages, if any, of the plaintiff are limited by the doctrine of avoidable consequences.

9. The damages claimed were the result of intervening superseding acts of others over whom this defendant had no control.

10. Plaintiff's injuries do not satisfy the tort threshold.

11. The plaintiff's claims are barred by lack of personal jurisdiction.

**DEMAND FOR DAMAGES**

Attorneys for plaintiff are hereby required and requested to furnish the undersigned within five (5) days with a written statement of the amount of damages claimed in this action.

**DESIGNATION OF TRIAL COUNSEL**

John F. Gaffney, Esq. is hereby designated as trial counsel on behalf of the defendant, Daniel A. Riffel, at the trial of the within action.

**JURY DEMAND**

Demand is hereby made for trial by jury.

                      **HUESTON MCNULTY, P.C.**
                      Attorneys for Defendant,
                      Daniel A. Riffel

                      *John F. Gaffney*
By:_____
                      JOHN F. GAFFNEY, ESQ.

Dated:  April 18, 2022

**CERTIFICATION PURSUANT TO CIV. RULE 11.2**

I hereby certify the matter in controversy is not, to the best of my knowledge, the subject of any other action pending in any court except <u>Bonilla v Garcia, et als</u>., Docket No. BER-L-1369-22, or of a pending arbitration proceeding, and that no such action or arbitration proceeding is contemplated.  To the best of

answering defendants' knowledge, no other party should be joined in this matter at this time.

**HUESTON MCNULTY, P.C.**
Attorneys for Defendant,
Daniel A. Riffel

*John F. Gaffney*
By:_____
       JOHN F. GAFFNEY, ESQ.

Dated: April 18, 2022

### ATTORNEY VERIFICATION

The undersigned, an attorney duly admitted to practice in the Courts of the State of New Jersey, affirms that the undersigned is the attorney for the defendant, Daniel A. Riffel, in the within action; that the undersigned has read the foregoing Answer and knows the contents thereof; that the same is true to his knowledge, except as to those matters therein stated upon information and belief, and that as to those matters, he believes them to be true. The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

**HUESTON MCNULTY, P.C.**
Attorneys for Defendant,
Daniel A. Riffel

*John F. Gaffney*
By:_____
       JOHN F. GAFFNEY, ESQ.

Dated: April 18, 2022